UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN TALBERT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:17CV1928 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Stephen Talbert's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1] and Motion to Correct Record [5].

## I.  PROCEDURAL HISTORY

On June 18, 2014, Petitioner Stephen Talbert ("Petitioner") was indicted for two counts of Production of Child Pornography in violation of 18 U.S.C. § 2251(a). Petitioner pleaded guilty to the charges on December 12, 2014 and was sentenced to 45-years imprisonment. Petitioner appealed, and the Eighth Circuit affirmed this Court's sentence on July 1, 2016. Petitioner did not file a petition for a writ of certiorari. On July 6, 2017, Petitioner filed this motion under 28 U.S.C. § 2255, arguing his sentence should be vacated because his counsel was ineffective. On July 28, 2017, Petitioner filed a Motion to Correct Record, arguing his motion should be deemed as filed on June 28, 2017 because that was the date it was delivered to the prison authorities for mailing.

## II.  STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. Generally, a petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). However, it is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under § 2255, rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic*, 466 U.S. 648, 658 (1984); *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by

showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id. at 694*.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States*, 393 F.3d 749, 753 (8th Cir.), *cert. denied*, 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.*, and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins*, 92 F.3d 666, 671 (8th Cir. 1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson*, 393 F.3d at 753-54 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.*, 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pleaded guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## III. DISCUSSION

Petitioner asserts three grounds for ineffective assistance of counsel: (1) failure to adequately investigate the sufficiency of evidence; (2) failure to investigate whether officers violated his Fourth Amendment rights by allegedly entering his home; and (3) failure to investigate whether Petitioner's "consents and confession were invalid for Fourth Amendment purposes." The Court will address each ground of Petitioner's Motion as follows.

### A. *Sufficiency of Evidence*

In order to be found guilty of Production of Child Pornography, the Court must find the defendant acted with "the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct." 28 U.S.C. § 2251(a). Petitioner argues counsel failed to "surmise the government could, without examination or argument, prove that Tablert's actions were undertaken with the goal of producing images." Rather, he alleges, counsel could have argued Petitioner took the pictures with the minor child without "the purpose of producing the images depicted." Petitioner claims he would not have pleaded guilty had counsel "ensure[d] the government could prove each element of the charging statute before advising [him] to plead guilty." In his reply, Petitioner argues there is "no proof Talbert

committed the abuse for the purpose of producing an image of his conduct." He states his purpose was "solely sexual gratification and not the production of a visual depiction" and reasserts his claim that counsel should have "undertook argument or discussion before the Court could elucidate Tablert's purpose."

Petitioner voluntarily waived his pretrial motions, agreed to the facts in the plea agreement, agreed to the facts outlined during the plea hearing, and indicated he was satisfied with counsel. Specifically, during the plea hearing, Petitioner stated he understood he was charged with knowingly employing, using, persuading, inducing, enticing, and coercing a one-year-old victim to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct. He also admitted the images were "uncalled for and disturbing," he could not recall how many images he had produced, and he "could not get those thoughts out of his head." Petitioner admitted there was a factual basis for the plea and that he understood the elements of the crime, including that he acted "for the purpose of producing a visual depiction of such conduct." In light of these facts, it is highly likely any challenge to Petitioner's purpose with respect to taking these photos would have failed. Accordingly, Petitioner has not established counsel committed any error that fell below the objective standard of reasonableness.

### B. *Failure to File a Motion to Suppress*

In Grounds (1) and (2), Petitioner essentially puts forth the same contention: counsel should have investigated whether the police violated the Fourth Amendment when they arrived at Petitioner's home to ask Petitioner to travel with them to the police department for an interview. Though Petitioner includes them as separate grounds, they are fundamentally similar; both essentially suggest counsel was ineffective because he did not file a motion to suppress

5

evidence arising from this alleged Fourth Amendment violation. However, Petitioner knowingly and voluntarily waived his right to file pretrial motions, and he knowingly and voluntarily pleaded guilty to the charges against him. At the hearing on Petitioner's Waiver of Filing Pretrial Motions, Petitioner stated he understood he was "waiving or giving up [his] right to challenge the introduction of any items that might have been seized from [him] by the FBI or other authorities." These voluntary actions undertaken by Petitioner defeat his claim that counsel was ineffective for failing to file a motion to suppress. Further, this Court is not persuaded there was any Fourth Amendment violation that would warrant suppressing any evidence or would have changed the outcome of Petitioner's case. At his plea hearing, Petitioner admitted he consented to going to the police department to perform an interview, knowingly and voluntarily waived his *Miranda* rights, and consented to a search on his cellular phone. This Court will not hold counsel was ineffective for declining to file a motion that would have proved meritless.

## V. MOTION TO CORRECT RECORD

Petitioner also argues his motion should be deemed to have been filed on June 28, 2017, the date he allegedly handed the petition over to the prison authorities for mailing, rather than July 6, 2017, the date his motion was received by the Court. Petitioner has offered no indication that changing the date of the filing will have any effect on Petitioner's case. Petitioner had until September 29, 2017 to file his petition under § 2255, and both filing dates are well-within that period. Thus, his Motion to Correct the Record is moot.

## VI. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v.*

*Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Stephen Talbert's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1] is **DENIED**. Petitioner's Motion is **DISMISSED, with prejudice**. The Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2255 Motion.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Correct the Record [5] is **MOOT**.

So Ordered this 29th day of November, 2017.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**